**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

**Judge Nina Y. Wang**

Civil Action No. 26-cv-04899-NYW

VICTOR ALEJANDRO MARTINEZ JUAREZ,

Petitioner,

v.

JUAN BALTASAR, in his official capacity,

Respondent.

---

## MEMORANDUM OPINION AND ORDER

---

Before the Court is the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition") filed pro se by Petitioner Victor Alejandro Martinez Juarez ("Petitioner" or "Mr. Martinez Juarez") on October 1, 2026. [Doc. 1]. Respondent has filed a Response. [Doc. 7]. After reviewing the record and the applicable law, the Petition is **GRANTED**.

## BACKGROUND

Petitioner alleges he is a citizen and national of Mexico and that he entered the United States in July of 2013. [Doc. 1 at 6]. He was taken into ICE custody on July 1, 2026, without a warrant, in the parking lot of a courthouse where he was appearing for a traffic infraction. [*Id.* at 5]. He remains detained under 8 U.S.C. § 1226(a) after a September 16, 2026, custody redetermination that placed on him the burden of proving

he was not a danger. [*Id.* at 3]. He states that he is not aware of any final order of removal against him. [*Id.* at 7]. He asserts one claim, for "Fifth Amendment Due Process – Unlawful Civil Immigration Detention." As relief, he requests release or, alternatively, a new bond hearing "under the procedures and burden of proof determined by this court." [Doc. 1 at 4, 10].

Respondent makes no argument that Petitioner's ongoing detention is justified. [Doc. 7 at 1] ("For purposes of this specific case, Respondent is not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case."). Furthermore, "Respondent recognizes that the Court may then decide to grant the Petition and award appropriate relief." [*Id.*]. Respondent asserts that "the appropriate relief would be an Order directing that Respondent, within seven days of this Court's Order, release Petitioner from detention." [*Id.* at 1–2].

This matter is fully briefed and ripe for disposition. No Party has requested an evidentiary hearing or oral argument, and the Court finds that no hearing is necessary. *Garcia Cortes v. Noem*, No. 25-cv-02677-CNS, 2025 WL 2652880, at *1 (D. Colo. Sept. 16, 2025) (declining to hold a hearing where the petitioner's habeas challenge was "fundamentally legal in nature").

## LEGAL STANDARD

Section 2241 of Title 28 authorizes a court to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[T]he essence of habeas corpus is an attack by a

person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001)).

**ANALYSIS**

There is no dispute that Petitioner is held pursuant to 8 U.S.C. § 1226(a). *See* [Doc. 1 at 2; Doc. 7 at 1 (Respondent conceding that he "is not submitting a brief in opposition to the Petition" and therefore not disputing Petitioner's assertion that § 1226(a) governs his detention)]; *see also Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1237 (10th Cir. 2026) ("We hold that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A).").

§ 1226(a) authorizes arrest and detention only "[o]n a warrant issued by the Attorney General." 8 U.S.C. § 1226(a) (providing that a noncitizen may be arrested and detained only "[o]n a warrant issued by the Attorney General"). Thus, "[i]ssuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a). . . . As such, it follows that absent a warrant a noncitizen may *not* be arrested and detained under section 1226(a)." *Chogllo Chafla v. Scott*, 804 F. Supp. 3d 247, 264 (D. Me. 2025); *accord, e.g.*, *J.A.C.P. v. Wofford*, No. 1:25-cv-01354-KES-SKO (HC), 2025 WL 3013328, at *8 (E.D. Cal. Oct. 27, 2025); *Ahmed M. v. Bondi*, No. 25-cv-04711-ECT-

SGE, 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026). It follows, then, that "[i]f the alien [detained under § 1226(a)] has not been arrested on a warrant, then the subsequent provisions giving the Attorney General discretion to detain or release 'the arrested alien' are likewise not triggered." *Florida v. United States*, 660 F. Supp. 3d 1239, 1276 (N.D. Fla. 2023); *see also Jennings*, 583 U.S. at 302 ("[Section 1226(a)] authorizes detention only '[o]n a warrant issued' by the Attorney General leading to the alien's arrest."); *Quezada-Estrada v. Lyons*, No. 26-cv-01599-NYW, 2026 WL 1361880 (D. Colo. May 15, 2026), at *5 ("Fundamentally, Respondents may not detain first, and justify later." (collecting cases)).

This is consistent with Department of Homeland Security regulations permitting immigration officers to "arrest[] and take[] into custody" individuals suspected of violating the immigration laws *after* the officers have obtained a warrant and a Notice to Appear ("NTA"). *See* 8 C.F.R. §§ 236.1(b), 1236.1(b); *see also Ramirez Ovando v. Noem*, 810 F. Supp. 3d 1209, 1216 (D. Colo. 2025) (observing that ICE officers "possess extremely broad authority" to arrest individuals subject to removal proceedings once a warrant and NTA have issued), *appeal docketed sub nom.*, *Ramirez Ovando v. Mullin*, No. 26-1027 (10th Cir. Jan. 26, 2026).

Without a warrant, however, the Government's authority to make immigration arrests is "more limited." *Ramirez Ovando*, 810 F. Supp. 3d at 1216 (quoting *Arizona v. United States*, 567 U.S. 387, 408 (2012)). An immigration officer may make a warrantless arrest "if he has reason to believe" that a noncitizen is unlawfully present in the United

States "and is likely to escape before a warrant can be obtained." 8 U.S.C. § 1357(a)(2). Courts have interpreted the "reason to believe" language as equivalent to the constitutional probable cause standard and requiring a particularized finding of probable cause that the noncitizen is likely to escape. *See Ramirez Ovando*, 810 F. Supp. 3d at 1216–17 (citing *Roa-Rodriguez v. United States*, 410 F.2d 1206, 1209 (10th Cir. 1969)) (further citations omitted); *Escobar Molina v. U.S. Dep't of Homeland Sec.*, 811 F. Supp. 3d 1, 30–31 (D.D.C. 2025).[1] Once an officer makes a warrantless arrest, the Government generally must make a custody determination within 48 hours and decide "whether the alien will be continued in custody or released on bond or recognizance and whether a notice to appear and warrant of arrest . . . will be issued." 8 C.F.R. § 287.3(d).

The record before the Court demonstrates that the Government did not comply with these requirements when arresting and detaining Petitioner. The Petition alleges that Petitioner "was not shown or informed of any arrest warrant issued by a [j]udge or court... [and] was not aware of any [j]udicial warrant authorizing [his] arrest." [Doc. 1 at 5]. Respondents do not address this issue at all in their Response and do not attach any warrant. *See* [Doc. 7]. They have therefore waived any arguments in opposition. *Quezada-Estrada*, 2026 WL 1361880, at *6 (citing *Eateries, Inc. v. J.R. Simplot Co.*, 346

---

[1] In the context of pretrial detention under the Bail Reform Act, the Tenth Circuit has observed that a defendant cannot be detained based on a risk of flight due solely to their status as a removable non-citizen. *See United States v. Sanchez-Rivas*, 752 F. App'x 601, 604 (10th Cir. 2018) (citing *United States v. Ailon-Ailon*, 875 F.3d 1334, 1338 (10th Cir. 2017)). This is equally applicable in this context, because otherwise, the two requirements of 8 U.S.C. § 1357(a)(2) would collapse into one.

F.3d 1225, 1232 (10th Cir. 2003) ("A party forfeits an issue it does not support with legal authority or argument." (quotation omitted))).

Accordingly, the Court finds that Respondents did not comply with the requirements of 8 U.S.C. § 1226(a) when arresting and detaining Petitioner. The Petition is therefore respectfully **GRANTED**. The Court will order Mr. Martinez Juarez released, because "[r]elease is an appropriate habeas remedy where a petitioner's current detention lacks a 'lawful predicate.'" *Quezada-Estrada*, 2026 WL 1361880, at *6 (quoting *Ahmed M.*, 2026 WL 25627, at *3). Having granted Petitioner his requested relief, the Court need not reach Petitioner's other claims.[2]

[2] Petitioner also challenges the constitutional adequacy of his custody redetermination hearing, where the burden was placed on the Petitioner. [Doc. 1 at 3]. Having granted Petitioner his requested relief, the Court need not reach this argument. Nevertheless, it observes that due process requires placing the burden on the Government at Petitioner's § 1226(a) hearing. *See, e.g.*, *Guzman Torres v. Baltazar*, No. 26-cv-03265-CNS, 2026 WL 2267182, at *1 (D. Colo. Aug. 6, 2026) (Sweeney, J.) (granting habeas petition where the petitioner bore the burden at his bond hearing, so hearing was constitutionally inadequate); *Merino-Moran v. Baltasar*, No. 26-cv-01309-RMR, ECF No. 15 at 6–7 (D. Colo. Apr. 24, 2026) (Rodriguez, J.) (granting habeas petition because "the burden of proof should have been placed on the Government" at the petitioner's bond hearing); *Barreno v. Baltasar*, No. 25-cv-03017-GPG-TPO, 2025 WL 3190936, at *2 (D. Colo. Nov. 14, 2025) (Gallagher, J.) (finding that the respondents' "failure to provide Petitioner with a detention hearing at which the government bore the burden of proof violated her Fifth Amendment rights"); *Kuzmic*, 2026 WL 1291853, at *2 (Chung, M.J.) (holding that "the government bears the burden at such a hearing of proving dangerousness by clear and convincing evidence and of proving flight risk by a preponderance of the evidence"); *see also Garcia Abanil v. Baltazar*, 817 F. Supp. 3d 1148, 1159 (D. Colo. 2026) (Martínez, J.) ("[T]he weight of authority in this District is clear: it is the Government's burden to justify a noncitizen's continued detention at a bond hearing." (cleaned up)).

## CONCLUSION

For the reasons set forth above, **IT IS ORDERED** that:

(1) The Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1] is **GRANTED**;

(2) Respondent is **DIRECTED** to immediately release Petitioner **within 48 hours of the entry of this Order**; and

(3) Respondent **SHALL SUBMIT** a declaration pursuant to 28 U.S.C. § 1746 on or before **October 26, 2026,** affirming Petitioner's release from custody.

DATED: October 19, 2026

BY THE COURT:

Nina Y. Wang
United States District Judge